UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CF FRESH, LLC,

                 Plaintiff,

v.

CARIOTO PRODUCE, INC.; GREGORY CARIOTO;
and ANTHONY CARIOTO,

                 Defendants.
_____

CHURCH BROTHERS, LLC; B & R PRODUCE
PACKING CO., INC.; GARDEN FRESH SALAD
CO., INC.; MATARAZZO BROTHERS, LLC;
PETER CONDAKES COMPANY, INC.; TRAVERS
FRUIT COMPANY, INC.,

                 Intervening Plaintiffs,

 v.

CARIOTO PRODUCE, INC.; GREGORY CARIOTO;
and ANTHONY CARIOTO,

                 Defendants.
_____

1:20-CV-0884
(GTS/CFH)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MEUERS LAW FIRM, PL<br>  Counsel for Plaintiff and Intervenor-Plaintiff<br>  Church Brothers<br>5395 Park Central Court<br>Naples, FL 34109 | STEVEN E. NURENBERG, ESQ. |
| OSBORNE & FONTE<br>  Co-Counsel for Intervenor-Plaintiffs<br>  B.C. Produce, Inc., B & R Produce Packing Co., Inc.,<br>  Garden Fresh Salad Co., Inc.,<br>  Matarazzo Bros. LLC, Peter Condakes Co., Inc., and<br>  Travers Fruit Co., Inc.<br>11 Vanderbilt Ave., Suite 250<br>Norwood, MA 02062 | ANDREW OSBORNE, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently pending before the Court in this action pursuant to the Perishable Agricultural Commodities Act ("PACA") are three motions: (1) a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) filed by CF Fresh, Inc. ("Plaintiff") and Intervenor Plaintiff Church Brothers, LLC, ("Intervenor Church Brothers") against Carioto Produce, Inc., Gregory Carioto, and Anthony Carioto, ("Defendants"); (2) a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) filed by B.C. Produce, Inc. ("Intervenor B.C. Produce"), B & R Produce Packing Co., Inc. ("Intervenor B & R Produce Packing"), Garden Fresh Salad Co., Inc. ("Intervenor Garden Fresh Salad"), Peter Condakes Company, Inc. ("Intervenor Peter Condakes"), Matarazzo Brothers LLC ("Intervenor Matarazzo Brothers"), and Travers Fruit Company, Inc. ("Intervenor Travers Fruit") (collectively, "Remaining Intervening Plaintiffs") against Defendants; and (3) a motion for turnover of PACA trust assets held by Pioneer Savings Bank filed by Plaintiff, Intervenor Church Brothers, Intervenor B.C. Produce, Intervenor B & R Produce Packing, Intervenor Garden Fresh Salad, Intervenor Peter Mondakes, and Intervenor Travers Fruit (collectively, "Plaintiff and Intervening Plaintiffs") (Dkt. Nos. 54, 55, 60.) For the reasons stated below, Plaintiff's and Intervenor Church Brothers' motion for default judgment is granted in part and denied in part; Remaining Intervening Plaintiffs' motion for default judgment is granted in part and denied in part; and Plaintiff and Intervening Plaintiffs' motion for turnover of PACA trust assets is granted.

## I.    RELEVANT BACKGROUND

### A.  Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint asserts seven claims against Defendants: (1) a claim against Defendant Carioto Produce, Inc., for breach of contract; (2) a claim against Defendants for declaratory relief to validate a PACA trust claim pursuant to 7 U.S.C. § 499e(c); (3) a claim against Defendant Carioto Produce, Inc., for enforcement of payment from the PACA trust assets pursuant to 7 U.S.C. § 499e(c); (4) a claim against Defendant Carioto Produce, Inc., for failure to maintain a PACA trust and for creation of a common fund pursuant to 7 U.S.C. § 499b(4); (5) a claim against Defendant Carioto Produce, Inc., for failure to pay promptly pursuant to 7 U.S.C. § 499b(4); (6) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for breach of fiduciary duty; and (7) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for unlawful retention of PACA trust assets.  (*See generally* Dkt. No. 1.)

Generally, in support of these claims, Plaintiff's Complaint alleges as follows: (1) Defendants, of Green Island, New York, have failed and refused to pay for the commodities they ordered, received and accepted from Plaintiff, despite due demands; (2) Defendant Carioto Produce, Inc., was a commission merchant, dealer, or broker subject to PACA; (3) upon receipt of the commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendants, all inventories of food or other products derived from the commodities, and the proceeds from the sale of such commodities until full payment is made for the commodities by Defendants to Plaintiff; (4) upon receipt of the commodities, Defendant Carioto Produce, Inc., became a trustee of the PACA trust in the principal amount of $49,754.45 for Plaintiff's benefit; (5) Plaintiff became and preserved its rights as a PACA trust beneficiary of Defendant Carioto

Produce, Inc.; (6) Defendant Carioto Produce, Inc., failed and refused without reasonable cause to pay Plaintiff for the provided commodities; (7) Defendants failed to maintain sufficient PACA trust assets and failed to protect the trust assets from dissipation; (8) Defendant Anthony Carioto and Defendant Gregory Carioto managed, controlled and directed the operations and financial dealings of Carioto Produce, Inc.; (9) Defendant Anthony Carioto and Defendant Gregory Carioto violated their fiduciary duties to ensure that Defendant Carioto Produce, Inc. fulfilled its duties as a trustee of the PACA trust; (10) Defendant Carioto Produce, Inc., transferred PACA trust assets to Defendant Anthony Carioto and Defendant Gregory Carioto, all while Plaintiff had not received any portion of the PACA trust assets; and (11) as the beneficiary to the PACA trust, Plaintiff is entitled to payment of the PACA trust's principal value of $49,754.45, plus accrued interest and attorney's fees.  (*Id*.)

B.  Plaintiff's Service of Its Complaint and Defendants' Failure to Answer

On August 7, 2020, Plaintiff served its Complaint on Defendants.  (Dkt. Nos. 5-7.)  As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

C.  Clerk's Office Entry of Default and Defendants' Non-Appearance

On September 1, 2020, Plaintiff requested an entry of default pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 8.)  On September 1, 2020, the Clerk of the Court entered a default against Defendants, pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 9.)  As of the date of this Decision and Order, Defendants have not appeared or attempted to set aside that entry of default.  (*See generally* Docket Sheet.)

D. Intervenor Church Brothers' Complaint-in-Intervention

On November 2, 2020, Intervenor Church Brothers filed a Complaint-in-Intervention. (Dkt. No. 31.) Liberally construed, Intervenor Church Brothers asserts seven claims against Defendants: (1) a claim against Defendant Carioto Produce, Inc., for breach of contract; (2) a claim against Defendants for declaratory relief to validate a PACA trust claim pursuant to 7 U.S.C. § 499e(c); (3) a claim against Defendant Carioto Produce, Inc., for enforcement of payment from the PACA trust assets pursuant to 7 U.S.C. § 499e(c); (4) a claim against Defendant Carioto Produce, Inc., for failure to maintain a PACA trust and for creation of a common fund pursuant to 7 U.S.C. § 499b(4); (5) a claim against Defendant Carioto Produce, Inc., for failure to pay promptly pursuant to 7 U.S.C. § 499b(4); (6) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for breach of fiduciary duty; and (7) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for unlawful retention of PACA trust assets. (*See generally id*.)

Generally, in support of these claims, Intervenor Church Brothers alleges as follows: (1) Defendants, of Green Island, New York, have failed and refused to pay for the commodities they ordered, received and accepted from Intervenor Church Brothers, despite due demands; (2) Defendant Carioto Produce, Inc., was a commission merchant, dealer, or broker subject to PACA; (3) upon receipt of the commodities, a statutory trust arose in favor of Intervenor Church Brothers as to all commodities received by Defendants, all inventories of food or other products derived from the commodities, and the proceeds from the sale of such commodities until full payment is made for the commodities by Defendants to Intervenor Church Brothers; (4) upon receipt of the commodities, Defendant Carioto Produce, Inc., became a trustee of the PACA trust in the principal amount of $64,168.04 for Intervenor Church Brothers' benefit; (5) Intervenor

Church Brothers became and preserved its rights as a PACA trust beneficiary of Defendant Carioto Produce, Inc.; (6) Defendant Carioto Produce, Inc., failed and refused without reasonable cause to pay Intervenor Church Brothers for the provided commodities; (7) Defendants failed to maintain sufficient PACA trust assets and failed to protect the trust assets from dissipation; (8) Defendant Anthony Carioto and Defendant Gregory Carioto managed, controlled and directed the operations and financial dealings of Carioto Produce, Inc.; (9) Defendant Anthony Carioto and Defendant Gregory Carioto violated their fiduciary duties to ensure that Defendant Carioto Produce, Inc. fulfilled its duties as a trustee of the PACA trust; (10) Defendant Carioto Produce, Inc., transferred PACA trust assets to Defendant Anthony Carioto and Defendant Gregory Carioto, all while Intervenor Church Brothers had not received any portion of the PACA trust assets; and (11) as the beneficiary to the PACA trust, Intervenor Church Brothers is entitled to payment of the PACA trust's principal value of $64,168.04, plus accrued interest and attorney's fees. (*Id.*)

E. Intervenor Church Brothers' Service of Its Complaint-in-Intervention and Defendants' Failure to Answer

On November 10, 2020, Intervenor Church Brothers served its Complaint-in-Intervention on Defendants. (Dkt. Nos. 37-39.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint-in-Intervention. (*See generally* Docket Sheet.)

F. Clerk's Office Entry of Default and Defendants' Non-Appearance

On December 3, 2020, Intervenor Church Brothers requested an entry of default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 48.) On December 4, 2020, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 49.) As of the date of this Decision and Order, Defendants have not appeared and attempted to set aside that entry of default. (*See generally* Docket Sheet.)

G. Remaining Intervening Plaintiffs' First Amended Complaint-in-Intervention

Liberally construed, Remaining Intervening Plaintiffs' Complaint-in-Intervention asserts twelve claims against Defendants: (1) a claim against Defendant Carioto Produce, Inc., for breach of contract as to Intervenor B.C. Produce; (2) a claim against Defendant Carioto Produce, Inc., for breach of contract as to Intervenor B & R Produce Packing; (3) a claim against Defendant Carioto Produce, Inc., for breach of contract as to Intervenor Garden Fresh Salad; (4) a claim against Defendant Carioto Produce, Inc., for breach of contract as to Intervenor Matarazzo Brothers; (5) a claim against Defendant Carioto Produce, Inc., for breach of contract as to Intervenor Peter Condakes; (6) a claim against Defendant Carioto, Inc., for breach of contract as to Intervenor Travers Fruit; (7) a claim against Defendants for declaratory relief to validate a PACA trust claim pursuant to 7 U.S.C. § 499e(c); (8) a claim against Defendant Carioto Produce, Inc., for enforcement of payment from the PACA trust assets pursuant to 7 U.S.C. § 499e(c); (9) a claim against Defendant Carioto Produce, Inc., for failure to maintain a PACA trust and for creation of a common fund pursuant to 7 U.S.C. § 499b(4); (10) a claim against Defendant Carioto Produce, Inc., for failure to pay promptly pursuant to 7 U.S.C. § 499b(4); (11) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for breach of fiduciary duty; and (12) a claim against Defendant Anthony Carioto and Defendant Gregory Carioto for unlawful retention of PACA trust assets. (*See generally* Dkt. No. 44.)

Generally, in support of these claims, Remaining Intervening Plaintiffs' Complaint-in-Intervention alleges as follows: (1) Defendants, of Green Island, New York, have failed and refused to pay for the commodities they ordered, received and accepted from Remaining Intervening Plaintiffs, despite due demands; (2) Defendant Carioto Produce, Inc. was a commission merchant, dealer, or broker subject to PACA; (3) upon receipt of the commodities, a

7

statutory trust arose in favor of Remaining Intervening Plaintiffs as to all commodities received by Defendants, all inventories of food or other products derived the commodities, and the proceeds from the sale of such commodities until full payment is made for the commodities by Defendants to Remaining Intervening Plaintiffs; (4) upon receipt of the commodities, Defendant Carioto Produce, Inc., became a trustee of the PACA trust in the principal amount of $136,364.00 for Remaining Intervening Plaintiffs' benefit, of which, Remaining Intervening Plaintiffs are due the following amounts: (i) $23,661.00 for Intervenor B.C. Produce, (ii) $3,339.00 for Intervenor B & R Produce Packing, (iii) $22,292.00 for Intervenor Garden Fresh Salad, (iv) $13,493.50 for Intervenor Matarazzo Brothers, (v) $33,737.00 for Intervenor Peter Condakes, and (vi) $40,416.50 for Intervenor Travers Fruit; (5) Remaining Intervening Plaintiffs became and preserved their rights as a PACA trust beneficiary of Defendant Carioto Produce, Inc.; (6) Defendant Carioto Produce, Inc., failed and refused without reasonable cause to pay Remaining Intervening Plaintiffs for the provided commodities; (7) Defendants failed to maintain sufficient PACA trust assets and failed to protect the trust assets from dissipation; (8) Defendant Anthony Carioto and Defendant Gregory Carioto managed, controlled and directed the operations and financial dealings of Carioto Produce, Inc.; (9) Defendant Anthony Carioto and Defendant Gregory Carioto violated their fiduciary duties in ensuring that Defendant Carioto Produce, Inc. fulfill its duties as a trustee of the PACA trust; (10) Defendant Carioto Produce, Inc., transferred PACA trust assets to Defendant Anthony Carioto and Defendant Gregory Carioto, all while Remaining Intervening Plaintiffs had not received any portion of the PACA trust assets; and (11) as the beneficiaries to the PACA trust, Remaining Intervening Plaintiffs are

entitled to payment of the PACA trust's principal value of $136,364.00, plus accrued interest and attorney's fees.[1] (*Id.*)

### H. Remaining Intervening Plaintiffs' Service of Their First Amended Complaint-in-Intervention and Defendants' Failure to Answer

On December 8, 2020, Remaining Intervening Plaintiffs served their First Amended Complaint-in-Intervention on Defendants. (Dkt. No. 51-53.) As of the date of this Decision and Order, Defendants have filed no Answer to that First Amended Complaint-in-Intervention. (*See generally* Docket Sheet.)

### I. Clerk's Office Entry of Default and Defendants' Non-Appearance

On January 6, 2021, Remaining Intervening Plaintiffs requested an entry of default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 56.) On January 6, 2021, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 57.) As of the date of this Decision and Order, Defendants have not appeared and attempted to set aside that entry of default. (*See generally* Docket Sheet).

### J. Plaintiff and Intervenor Church Brothers' Motion for Default Judgment and Defendants' Non-Response

On January 4, 2021, Plaintiff and Intervenor Church Brothers filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 55.)

Generally, in support of its motion for default judgment, Plaintiff and Intervenor Church Brothers argue as follows: (1) with respect to the breach of contract claim in both Plaintiff's Complaint and Intervenor Church Brothers' Complaint-in-Intervention, the allegations for breach of contract have been satisfied, because (i) Plaintiff and Intervenor Church Brothers entered into contracts with Defendant Carioto Produce, Inc., to sell and ship commodities in the

---

[1] The Court notes that the total sum of Remaining Intervening Plaintiffs' asserted damages, amounts to $136,939.00, not $136,364.00 as alleged in Remaining Intervening Plaintiffs' First Amended Complaint-in-Intervention. (Dkt. No. 44.)

aggregate principal amount of $113,922.49, (ii) Plaintiff and Intervenor Church Brothers performed their contractual obligations, (iii) Defendant Carioto Produce, Inc., breached its contractual obligations, and (iv) in aggregate, Plaintiff and Intervenor Church Brothers suffered damages totaling $113,922.49, plus accrued interest and attorneys' fees; (2) with respect to the declaratory relief claim in both Plaintiff's Complaint and Intervenor Church Brothers' Complaint-in-Intervention, the allegations have satisfied the requirements such that Plaintiff and Intervenor Church Brothers have become perfected PACA trust beneficiaries of Defendant Carioto Produce, Inc.; (3) with respect to the claim for enforcement of payment and the claim for the common fund creation in both Plaintiff's Complaint and Intervenor Church Brothers' Complaint-in-Intervention, the allegations have established the validity of their PACA claims, entitling Plaintiff, Intervenor Church Brothers, and all similarly situated PACA trust beneficiaries to payment for the commodities at issue from a newly created common fund; (4) with respect to the prompt payment claim in both Plaintiff's Complaint and Intervenor Church Brothers' Complaint-in-Intervention, the allegations have established Defendant Carioto Produce, Inc.'s violation of 7 U.S.C. § 499b(4) by its failure to tender prompt payment to Plaintiff and Intervenor Church Brothers; (5) with respect to the breach of fiduciary duty claim and unlawful retention claim in both Plaintiff's Complaint and Intervenor Church Brothers' Complaint-in-Intervention, Defendant Anthony Carioto and Defendant Gregory Carioto are personally liable for their failure to maintain sufficient PACA trust assets for Plaintiff and Intervenor Church Brothers and for breach of their fiduciary duty because (i) they were "officers, directors, investors, shareholders, or employees" of Defendant Carioto Produce, Inc., (ii) they "controlled or were in positions to control . . . operations and financial dealings" of Defendant Carioto Produce, Inc., and (iii) they were responsible for the disposition of Defendant Carioto

Produce, Inc.'s PACA trust assets; and (6) 7 U.S.C. § 499e(c)(2)'s language "sums owing in connection with such transactions," entitle Plaintiff and Intervenor Church Brothers to recover not only the price of the commodities but also additional related expenses, including contractual rights to attorneys' fees and interest, because Plaintiff and Intervenor Church Brothers' invoices provide for the recovery for attorneys' fees and costs incurred in collecting their PACA trust assets. (Dkt. No. 55.)

As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

K. Remaining Intervening Plaintiffs' Motion for Default Judgment and Defendants' Non-Response

On February 2, 2021, Remaining Intervening Plaintiffs filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 60.)

Generally, in support of their motion for default judgment, Remaining Intervening Plaintiffs argue as follow: (1) with respect to the breach of contract claims, the allegations for breach of contract have been satisfied, because (i) Remaining Intervening Plaintiffs entered into contracts with Defendant Carioto Produce, Inc., to sell and ship commodities in the aggregate principal amount of $136,364.00, (ii) Plaintiff and Intervenor Church Brothers performed their contractual obligations, (iii) Defendant Carioto Produce, Inc. breached its contractual obligations, and (iv) in aggregate, Remaining Intervening Plaintiffs suffered damages totaling $136,364.00, plus accrued interest and attorneys' fees; (2) with respect to the declaratory relief claim, the allegations have satisfied the requirements such that Remaining Intervening Plaintiffs have become perfected PACA trust beneficiaries of Defendant Carioto Produce, Inc.; (3) with respect to the claim for enforcement of payment, the allegations have established the validity of Remaining Intervening Plaintiffs' PACA claims, entitling them to payment for the commodities

at issue; (4) with respect to the claim for the common fund creation, the allegations establish the need for Defendants to create a common fund from which Remaining Intervening Plaintiffs are entitled to receive payment for the commodities at issue; (5) with respect to prompt payment claim, the allegations have established Defendant Carioto Produce, Inc.'s violation of 7 U.S.C. § 499b(4) by its failure to tender prompt payment to Remaining Intervening Plaintiffs; (6) with respect to the breach of fiduciary duty claim and unlawful retention claim, Defendant Anthony Carioto and Defendant Gregory Carioto are personally liable for their failure to maintain sufficient PACA trust assets for Remaining Intervening Plaintiffs and for breach of their fiduciary duty because (i) they "were officers, directors, investors, shareholders or employees" of Defendant Carioto Produce, Inc., (ii) they "controlled or were in positions to control . . . operations and financial dealings of Defendant Carioto Produce, Inc., and (iii) they were responsible for the disposition of Defendant Carioto Produce, Inc.'s PACA trust assets; and (7) 7 U.S.C. § 499e(c)(2)'s language "sums owing in connection with such transaction," entitle Remaining Intervening Plaintiffs to recover not only the price of the commodities but also additional related expenses, including contractual rights to attorneys' fees and interest, because Remaining Intervening Plaintiffs' invoices provide for the recovery for attorneys' fees and costs incurred in collecting their PACA trust assets.  (Dkt. No. 60.)

As of the date of this Decision and Order, Defendants have filed no response to that motion.  (*See generally* Docket Sheet.)

L.   Plaintiff and Intervening Plaintiff's Motion for Turnover of PACA Trust Assets

On January 4, 2021, Plaintiff and Intervening Plaintiffs filed a motion for turnover of PACA trust assets on Defendants.  (Dkt. No. 54.)

Generally, in support of their motion, Plaintiff and Intervening Plaintiffs argue as follows: (1) Plaintiff and Intervening Plaintiffs have satisfied the requirements of 7 U.S.C. § 499e(c)(2), that requires Defendant Carioto Produce, Inc., to set aside and turnover PACA trust assets for disbursement to its unpaid PACA trust beneficiaries, because (i) on November 6, 2020, this Court entered a preliminary injunction restraining Defendants from "alient[ing], dissipate[ing], pay[ing] over or assign[ing] any PACA [t]rust assets without the parties' agreement, until further Court Order, or until Defendant Carioto Produce, Inc., pays Plaintiff . . . and . . . Interven[ing] Plaintiffs, the sum of $210,029.99 . . .," (ii) on December 1, 2020, in response to a subpoena duces tecum served to it on November 16, 2020, Pioneer Savings Bank provided Plaintiff and Intervening Plaintiffs with a Certification of Business Records confirming that as of November 30, 2020, an account ending in 1581 maintained by Defendant Carioto Produce, Inc., was restrained and totaled $77,856.93, (iii) Defendant Carioto Produce, Inc.'s assets including "inventories of produce, food or products derived from produce, accounts receivable, proceeds from the sale of produce or products, and assets commingled, purchased, or otherwise acquired with sales proceeds" are subject to the PACA trust, (iv) PACA trust beneficiaries "have priority over any secured creditor on the purchaser's commodity-related assets to the extent of the amount of his claim," (v) also pending before the Court are Plaintiff and Intervenor Church Brothers' and Remaining Intervening Plaintiffs' motions for default judgment, which among other claims, seeks declaratory relief validating their PACA trust claims as PACA trust beneficiaries, (vi) the aforementioned funds held by Pioneer Savings Bank are PACA trust assets; and (vii) Plaintiff and Intervening Plaintiffs are entitled, as PACA trust beneficiaries, to the PACA trust assets by Pioneer Savings Bank. (Dkt. No. 54.)

As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

I.      RELEVANT LEGAL STANDARD

       A.  Standard Governing a Motion for Default Judgment

       "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

       When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare,*

*Pension, Supplemental, Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule."  *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ."  *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  *Id*.

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and

(d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a).  N.D.N.Y. L.R. 55.2(b).

B.  Standard Governing Claims Regarding PACA Trusts

"Congress enacted PACA in 1930 to regulate the sale and marketing of produce in interstate commerce." *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, 17-CV-4559, 2019 WL 1586865, at *7 (E.D.N.Y. Apr. 12, 2019) (quoting *Am. Banana Co. v. Republic of Nat'l Bank of N.Y., N.A.*, 362 F.3d 33, 36 [2d Cir. 2004]).  Under PACA, "purchasers of produce on credit are required to hold the produce and its proceeds, including accounts receivable and derivatives, 'in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers [or] sellers.'" *C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 486 (2d Cir. 2001) (quoting 7 U.S.C. § 499e[c][2]); *John the Greek Co., Inc. v. Eaternity LLC*, 233 F. Supp.3d 355, 358 (E.D.N.Y. 2017).  Generally, "a PACA trust is automatically established each time a broker or merchant purchases perishable commodities upon credit." *D.M. Rothman & Co. v. Korea Commercial Bank*, 411 F.3d 90, 96 (2d Cir. 2005); *see also In re Kornblum*, 81 F.3d at 280, 286 (2d Cir. 1996) (A PACA trust remains in "existence until all of the outstanding beneficiaries have been paid in full").

"PACA imposes a floating, non-segregated statutory trust on 'perishable agricultural commodities by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products . . . for the benefit of all unpaid sellers.'" *S. Katzman Produce Inc. v. Kato Food Corp.*, 16-CV-8116, 2016 WL 6561414, at *4 (S.D.N.Y. Oct. 26, 2016) (quoting 7 U.S.C. § 499e[c][1]-[4]); *see also Am. Banana Co. v.*

*Republic Nat'l Bank of N.Y., N.A.*, 362 F.3d 33, 38 (2d Cir. 2004) (holding that buyers are permitted to commingle PACA trust assets with their other assets).  Specifically, PACA reprioritizes sellers' interests in the commodities and sale proceeds by making them superior to those of the buyers' creditors, including secured creditors.  *Am. Banana Co.*, 362 F.3d at 37; *Henry Avocado Corp.*, 2019 WL 1586865, at *7.  Upon creation of a PACA trust, "the unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust . . .," and "may use ordinary and usual billing or invoice statements to provide of the licensee's intent to preserve that trust."  7 U.S.C. § 499e(c)(3)-(4).  However, an unpaid seller who preserves their rights under the trust, remains as the trust's beneficiary until they are paid in full.  *HB Fresh v. Dahua Wholesale Inc.*, 502 F. Supp.3d 700, 705 (E.D.N.Y. 2020) (citing 7 C.F.R. § 46.46[c][1]).

Following traditional trust principles,

> [a]n individual who is in the position to control trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. . . . [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier.

*S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 875 (2d Cir. 2021) (quoting *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 [9th Cir. 1997]).  The Court also notes that the buyer, as a trustee, "has a fiduciary obligation under PACA to repay the full amount of the debt owed to the PACA beneficiary . . . ."  *S. Katzman Produce Inc.*, 2016 WL 6561414, at *4 (citing *C.H. Robinson Co.*, 239 F.3d at 488); *see also Horizon Mktg. v. Kingdom Int'l Ltd.*, 244 F. Supp.2d 131, 135 (E.D.N.Y. 2003) ("Buyers who dissipate or otherwise spend the proceeds of the trust without making full payment to the seller are in breach of their fiduciary duties.").

### C. Standard Governing a Failure to Respond to a Motion

In this District, where a non-movant has willfully failed to respond to a movant's

properly filed and facially meritorious memorandum of law, the non-movant is deemed to have

"consented" to the legal arguments contained in that memorandum of law under Local Rule

7.1(a)(3).[2]  Stated another way, when a non-movant fails to oppose a legal argument asserted by

the movant, the movant may succeed on the argument by showing that the argument possesses

facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y.

L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determined that the

moving party has met its burden to demonstrate entitlement to the relief requested therein . . . .");

*Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009)

(Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 &

n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

I.    ANALYSIS

    A. Plaintiff's and Intervenor Church Brothers' Motion for Default Judgment and
       Remaining Intervening Plaintiffs' Motion for Default Judgment

       1. Liability

After carefully considering Plaintiff's and Intervenor Church Brothers' unopposed

motion for default judgment and Remaining Intervening Plaintiffs' unopposed motion for default

judgment, the Court is satisfied that Plaintiff, Intervenor Church Brothers, and Remaining

---

[2]    *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31
(N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to
oppose several arguments by defendants in their motion for summary judgment as consent by
plaintiff to the granting of summary judgment for defendants with regard to the claims that the
arguments regarded, Under Local Rule 7.1[b][3]); *Devito v. Smithkline Beecham Corp.*, 02-CV-
0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's
failure to respond to an "aspect" of defendant's motion to preclude expert testimony as "a
concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

Intervening Plaintiffs have met their modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.

For example, for the reasons stated above in Parts I.B., I.E., and I.H. of this Decision and Order, the Court finds that due notice of this action and all three motions has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiff, Intervenor Church Brothers, and Remaining Intervening Plaintiffs have served Defendants with their motions for the issuance of default judgment and turnover of PACA trust assets. However, Defendants have neither responded to any motion nor appeared in this action. Finally, the Court finds that the factual allegations in Plaintiff's Complaint, Intervenor Church Brothers' Complaint-in-Intervention, and Remaining Intervening Plaintiffs' Complaint-in-Intervention are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

    a.   Declaratory Relief Validating PACA Trust Claim and Enforcement of Payment from PACA Trust Assets Claim

To prevail on a PACA trust claim, a plaintiff must establish five elements: "(1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate commerce or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to

the purchaser of its intention to do so." *HB Fresh Inc.*, 502 F.Supp.3d at 704. All five elements are easily established here.

First, the produce sold by Plaintiff and Intervening Plaintiffs, and purchased by Defendant Carioto Produce, Inc., constitutes perishable agricultural commodities. *See* 7 U.S.C. § 499a(b)(4)(A) (defining "perishable agricultural commodity" as "[f]resh fruits and fresh vegetables of every kind and character . . . ."). Second, Defendant Carioto Produce, Inc., was a dealer as defined by PACA. *See* 7 U.S.C. § 499a(b)(6) (defining "dealer" as "any person [or company] engaged in the business of buying or selling . . . any perishable agricultural commodity in interstate or foreign commerce . . . ."). Third, Plaintiff and Intervening Plaintiffs sold a wide variety of perishable agricultural commodities into interstate commerce by shipping produce from numerous states to New York. (Dkt. Nos. 1, 31, 44.) Fourth, Plaintiff and Intervening Plaintiffs were not paid in full for the perishable agricultural commodities that were sold to Defendant Carioto Produce, Inc. (Dkt. Nos. 50, 60.) Fifth, Plaintiff and Intervening Plaintiffs took the necessary steps to preserve their rights as PACA beneficiaries.

With regard to this last element, in order to preserve rights as a PACA beneficiary, "a produce supplier 'may use ordinary and usual billing or invoice statements to provide notice of [its] intent to preserve the trust.'" *HB Fresh Inc.*, 502 F. Supp.3d at 705 (quoting 7 U.S.C. § 499e(c)(4). In addition, the invoice or billing statement must contain on its face "the following: '[t]he perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930.'" 7 U.S.C. § 499e(c)(4) (quoting 7 U.S.C. § 499e[c]). Here, on the face of the invoices submitted to Defendant Carioto Produce, Inc., Plaintiff, Intervenor Church Brothers, and Remaining

Intervening Plaintiffs included the required language to preserve their rights as a PACA beneficiary.  (Dkt. No. 55, 60.)

Therefore, the Court finds that Plaintiff, Intervenor Church Brothers, and Remaining Intervening Plaintiffs have satisfied the lightened burden for stating a claim for declaratory relief validating a PACA trust and stating a claim for the enforcement of payment from PACA trust assets.

### b.   Failure to Pay Promptly Claim

With respect to the claim for failure to promptly pay Plaintiff and Intervening Plaintiffs, the Court finds that Plaintiff and Intervening Plaintiffs have satisfied the lightened burden for stating a claim for failure to pay promptly.  (Dkt. No. 55, 60.)  Under 7 U.S.C. § 499b(4), a dealer violates PACA when they fail to make full and prompt payment for any purchased commodity.  Here, Defendant Carioto Produce, Inc., has failed to make a full and prompt payment to Plaintiff and Intervening Plaintiffs for the produce that has been purchased and received by Defendant Carioto Produce, Inc.  (Dkt. Nos. 55, 60.)

Therefore, the Court finds that Plaintiff, Intervenor Church Brothers, and Remaining Intervening Plaintiffs have satisfied the lightened burden for stating a claim for failure to pay promptly.

### c.   Breach of Fiduciary Duty Claim, Failure to Maintain PACA Trust Assets Claim, and Unlawful Retention Claim

Pursuant to PACA, "[a]n individual who is in a position to control assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty."  *S. Katzman Produce Inc.*, 999 F.3d at 875-76 (citing *Coosemans Specialties, Inc.*, 485 F.3d at 705); *Hiller Cranberry Prod., Inc. v. Koplovsky*, 165 F.3d 1, 8-9 (1st Cir. 1999) ("An individual who is in the position to control trust assets and who does not preserve them for

the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act.")

"Failure to turn over the [PACA] trust assets to produce suppliers when payment is due constitutes a breach of the fiduciary duty to make the trust assets 'freely available' to the PACA trust beneficiary. *HB Fresh Inc.*, 502 F. Supp.3d at 706 (quoting *Coosemans Specialties, Inc.*, 485 F.3d at 706.)

Under the authority of the United States Department of Agriculture ("USDA"), Defendant Carioto Produce, Inc., was licensed to buy and sell wholesale quantities of produce using PACA License No. 20021122. As part of Defendant Carioto Produce, Inc.'s PACA License, Defendant Anthony Carioto and Defendant Gregory Carioto were listed as reported principals. (Dkt. No. 55, Attach. 5.) In addition, according to the New York State Department of State Division of Corporations ("N.Y.S. Dept. of State"), Defendant Anthony Carioto was also listed as Defendant Carioto Produce, Inc.'s Chief Executive Officer. (Dkt. No. 55, Attach. 8.) Defendant Anthony Carioto and Defendant Gregory Carioto were in a position of control over Defendant Carioto Produce, Inc.'s operations and financial dealings, notably including Plaintiff and Intervening Plaintiffs' PACA trust assets held by Defendant Carioto Produce, Inc. (Dkt. No. 55, Attach. 3, Dkt. No. 55, Attach. 4.)

When a PACA trustee dissipates PACA trust assets and is financially unstable, that trustee is in violation of 7 U.S.C. § 499e, et seq. *See Tanimura and Antle, Inc. v. Packed Fresh, Inc.*, 222 F.3d 132, 140-41 (3d Cir. 2000). Dissipation is "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2). In addition, as recently as June 2021, the Second Circuit "interpret[ed] dissipation to include the use of 'the trust assets for any purpose other than repayment of the

supplier,' including the use of trust assets for 'legitimate business expenditures, such as the payment of rent, payroll, or utilities.'" *S. Katzman Produce Inc.*, 999 F.3d at 875 (quoting *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 707 [2d Cir. 2007]).  According to the Certification of Business Records submitted by Pioneer Savings Bank, Defendant Carioto Produce, Inc., dissipated the PACA assets such that its account ending in 1581 as of November 30, 2020 contained only $77,856.93—an amount less than the value of produce purchased and subsequently owed to Plaintiff and Intervening Plaintiffs.  (Dkt. No. 54.)

Therefore, the Court finds that Plaintiff, Intervenor Church Brothers, and Remaining Intervening Plaintiffs have satisfied the lightened burden for stating a claim for breach of fiduciary duty and stating a claim for failure to maintain sufficient PACA trust assets.

### d.  Breach of Contract Claim

To state a claim for breach of contract, a plaintiff must allege four elements: (1) "the formation of a contract between the parties;" (2) "performance by the plaintiff;" (3) "failure of defendant to perform;" and (4) "damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).  Based on Plaintiff and Intervening Plaintiffs' submissions, the Court finds that Plaintiff and Intervening Plaintiffs have satisfied the lightened burden for stating a claim for breach of contract.  (Dkt. Nos. 55, 60.)

For each of these alternative reasons, the Court grants Plaintiff and Intervenor Church Brothers' and Remaining Intervening Plaintiffs' motions for default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

### 1.  Damages

After carefully considering Plaintiff's unopposed motion for default judgment and Remaining Intervening Plaintiffs' motion for default judgment, the Court is satisfied that

Plaintiff and Intervening Plaintiffs have met their burden of establishing a valid basis for most of the damages being sought, under the circumstances. The Court notes that, while generally a hearing to fix the amount of damages may be conducted, a hearing is not required where the Court has found that the record contains a basis for the damages specified in the default judgment. Here, the Court has made such a finding.

For example, in support of their damages requests, Plaintiff and Intervening Plaintiffs have provided the Court with the following: (1) the affidavit of Michael F. Rettig, which demonstrates that Defendant Carioto Produce, Inc., owes Plaintiff $49,754.45 in principal, and $7,216.77 in interest as of January 31, 2021, and $24.54 per day thereafter; (2) the affidavit of Neil J. Milburn, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor Church Brothers $64,168.04 in principal, and $9,610.26 in interest as of January 31, 2021, and $31.64 per day thereafter; (3) the affidavit of Samuel F. Rocco, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor B.C. Produce $23,661.00 in principal, and $3,666.13 in interest as of January 31, 2021, and $11.38 per day thereafter; (4) the affidavit of Steven Bramante, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor B & R Produce Packing $3,339.00 in principal, and $459.70 in interest as of January 31, 2021, and $1.10 per day thereafter; (5) the affidavit of Lisa Burke, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor Garden Fresh Salad $22,292.00 in principal, and $3,662.22 in interest as of January 31, 2021, and $10.99 per day thereafter; (6) the affidavit of Robert Bracey, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor Peter Condakes $33,737.00 in principal, and $5,681.63 as of January 31, 2021, and $16.64 per day thereafter; (7) the affidavit of Anthony Aresco, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor Matarazzo Brothers $13,653.50 in principal, and $5,770.58 in

interest as of January 31, 2021, and $6.65 per day thereafter; and (8) the affidavit of Paul F.

Travers, which demonstrates that Defendant Carioto Produce, Inc., owes Intervenor Travers

Fruit $40,416.50 in principal, and $6,741.24 in interest as of January 31, 2021, and $19.93 per

day thereafter. (Dkt No. 55, Attach. 5-6, Dkt. No. 60, Attach. 3-8.)

This evidence sufficiently establishes the amount of damages on the two motions for

default judgment.

As to the request for attorneys' fees, it is within the Court's discretion to determine what

constitutes a reasonable attorney's fee. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d

Cir. 1998). That is not to say, however, that the Court's discretion in determining a reasonable

attorney's fee is limitless and not subject to standards widely used by the courts in this circuit.

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Generally, courts determine a

"reasonable attorney's fee" by the lodestar method, which is the product of number of hours

required by the matter and a reasonable hourly rate. *Millea*, 658 F.3d at 166 (citing *Perdue v.

Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned Citizens

Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 [2d Cir. 2008]). Given its

"presumptive reasonability," the lodestar method will serve as the Court's starting point in

determining a reasonable attorney's fee.[3]

Specifically, "[a] reasonable hourly rate is 'what a reasonable, paying client would be

willing to pay, given that such a party wishes to spend the minimum necessary to litigate the

case effectively.'" *C.H. Robinson Worldwide, Inc. v. Joseph Aiello & Sons, Inc.*, 15-CV-1321,

2016 WL 4076964, at *4 (N.D.N.Y. Aug. 1, 2016) (Suddaby, C.J.) (quoting *Bergerson v. N.Y.

State Office of Mental Health, Cent. N.Y. Psych. Ctr.*, 652 F.3d 277, 289-90 [2d Cir. 2005]).

---

[3]     The Court notes that although the result of the lodestar method is not an absolute
conclusion, "its presumptive reasonability means that, absent extraordinary circumstances,
failing to calculate it as a starting point is legal error." *Millea*, 658 F.3d at 166.

Here, the Court will refer to "the prevailing [market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson*, 104 S. Ct. 1541, 1547, n.11 [1984]). Also relevant here, "[p]aralegal services are includable in an award of attorneys' fees, and the reasonable of their fees are also determined by reference of the prevailing hourly rate in the relevant community." *HTV Indus., Inc. v. Agarwal*, 317 F. Supp.3d 707, 720 (S.D.N.Y. 2018). The Court's determination of what constitutes a reasonable hourly rate can also include "taking judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209. For example, in July 2019, one judge of this District recognized "'hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals'" to be reasonable. *Oriska Ins. Co. v. Israel Disc. Bank of New York*, 17-CV-0910, 2019 WL 2929190, at *5 (N.D.N.Y. July 8, 2019) (D'Agostino, J.) (quoting *Richardson v. N.Y. State Office of Mental Health*, No. 11-CV-1007, 2018 WL 2021536, at *2 [N.D.N.Y. Apr. 30, 2018]).

Here, Attorney Steven E. Nurenberg of Meuers Law Firm, P.L.—the law firm representing Plaintiff and Intervenor Church Brothers—provided the following in his declaration: (1) three individuals from Meuers Law Firm, P.L., spent time working on this case, including (a) Mr. Nurenberg, whose normal hourly rate is $335.00 and discounted hourly rate is $195.00, (b) Attorney Steven M. De Falco, whose hourly rate is $330.00, and (c) Paralegal Luanne M. Rogers, whose hourly rate is $195.00; (2) Mr. Nurenberg has practiced law for approximately thirty one years, of which he has spent fifteen years working on this specialized practice area; (3) Mr. De Falco has practiced law for approximately fifteen years, without

mention as to whether his practice solely focuses on this specialized area; and (4) Ms. Rogers has practiced as a paralegal for approximately thirty years, and assists in all types of matters. (Dkt. No. 55, Attach. 7.)  Given Mr. Nurenberg's experience working in this specialized practice area, his hourly rate of $335.00 is considered reasonable in this District.  Likewise, given Mr. De Falco's experience practicing law, his hourly rate of $330.00 is considered reasonable in this District.  However, the Court finds Ms. Rogers' $195.00 hourly rate to be unreasonable.  As already discussed, it is well established that the reasonable hourly rate in this District for paralegal services is $90.00.  As a result, the reasonable attorneys' fees for 52.4 hours of work by Mr. Nurenberg, the 11 hours of work by Mr. De Falco, and the 30.1 hours of work by Ms. Rogers represent a reasonable total of $22,613.00.

Next, Attorney Andrew M. Osborne of the law firm Osborne & Fonte—the law firm representing Remaining Intervening Plaintiffs—provided in his declaration the following: (1) Mr. Osborne and unnamed "paralegals" spent time working on this case;[4] (2) Mr. Osborne's normal hourly rate is $375.00, and the normal hourly rate for a paralegal is $95.00; and (3) Mr. Osborne has practiced law for approximately forty four years, of which he has spent thirty years working on this specialized practice area.  (Dkt. No. 60, Attach. 9.)  However, the Court finds Mr. Osborne's hourly rate to be unreasonable based on the standard rates for this District.  Given Mr. Osborne's experience working in this specialized practice area, a reasonable hourly rate in this District would be $345.00.  As a result, the reasonable attorney's fees for 37 hours of work by Mr. Osborne is $12,765.00.

Therefore, the Court concludes that Plaintiff and Intervenor Church Brothers have met their burden of establishing a valid basis for the damages, such that a default judgment against

---

[4]     The Court notes that, although Mr. Osborne's declaration includes the hourly rates for "paralegals," no bill for paralegal work was submitted.

Defendants should be awarded to, Plaintiff and Intervenor Church Brothers for $155,039.66 plus *pre-judgment* interest from January 31, 2021 through the date of this Decision and Order (i.e., $24.54 per day for Plaintiff and $31.64 per day for Intervenor Church Brothers multiplied by 222 days).[5]

In addition, the Court finds that Plaintiff should be awarded *post-judgment* interest of $24.54 per day until the judgment is satisfied, and Intervenor Church Brothers should be awarded *post-judgment* interest of $31.64 per day until the judgment is satisfied.

Therefore, the Court concludes that Remaining Intervening Plaintiffs have met their burden of establishing a valid basis for the damages, such a default judgment against Defendants should be awarded to Remaining Intervening Plaintiffs for a total amount of $177,260.25 plus *pre-judgment* interest from January 31, 2021 through the date of this Decision and Order (i.e., $11.38 per day for Intervenor B.C. Produce, $1.10 per day for Intervenor B & R Produce Packing, $10.99 per day for Intervenor Garden Fresh Salad, $16.64 per day for Intervenor Peter Condakes, $6.65 per day for Intervenor Matarazzo Brothers, and $19.93 per day for Intervenor Travers Fruit, each multiplied by 222 days).[6]

Finally, Intervenor B.C. Produce is awarded *post-judgment* interest of $11.38 per day until the judgment is satisfied; Intervenor B & R Produce Packing is awarded post-judgment interest of $1.10 per day until the judgment is satisfied; Intervenor Garden Fresh Salad is awarded post-judgment interest of $10.99 per day until the judgment is satisfied; Intervenor Peter Condakes is awarded post-judgment interest of $16.64 per day until the judgment is

---

[5]    The Court's itemized calculation of damages is as follows: (1) $113,922.58 in principal; (2) $16,827.03 in pre-judgment interest as of January 31, 2021; (3) $22,613.00 in attorneys' fees; and (4) $1,677.05 in costs.

[6]    The Court's itemized calculation of damages is as follows: (1) $137,099.00 in principal; (2) $25,981.50 in pre-judgment interest as of January 31, 2021; (3) $12,765.00 in attorneys' fees; and (4) $1,414.75 in costs.

satisfied; Intervenor Matarazzo Brothers is awarded post-judgment interest of $6.65 per day until the judgment is satisfied; and Intervenor Travers Fruit is awarded post-judgment interest of $19.93 per day until the judgment is satisfied.

A.  Plaintiff and Intervening Plaintiffs' Motion for Turnover of PACA Assets

After carefully considering Plaintiff and Intervening Plaintiffs' unopposed motion for turnover of PACA assets, the Court is satisfied that Plaintiff and Intervening Plaintiffs have met their modest threshold burden of establishing entitlement to turnover of PACA assets against Defendants.

Under PACA, any purchaser of produce on credit "is required to hold the [p]roduce and its derivatives or proceeds in trust for the unpaid seller [of produce]."  *In re Kornblum & Co., Inc.*, 81 F.3d at 284.  Plaintiff and Intervening Plaintiffs assert that the Pioneer Savings Bank account ending in 1581 held by Defendant Carioto Produce, Inc., contains PACA assets.

In accordance with traditional trust principles, although the purchaser of produce holds legal title to the produce and its derivatives or proceeds, the unpaid seller of produce retains an equitable interest in the trust property until having been paid in full.  *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995); Restatement (Second) of Trusts § 2 (1959).  Specifically, PACA required Defendant Carioto Produce, Inc., —who purchased produce on credit—to hold the following:

> [A]ll inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products . . . in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers or sellers . . . ."

*A. Ferlito Farms, Inc. v. Empire Fresh Cuts, LLC*, 10-CV-1044, 2010 WL 3909521, at *3 (N.D.N.Y. Sept. 30, 2010) (Suddaby, J.) (quoting 7 U.S.C. § 499e[c][2]).

"As a general matter[,] it is the burden of the PACA debtor, or the person potentially holding the PACA assets, to establish that funds were not PACA assets." *Hop Hing Produces Inc. v. X & L Supermarket, Inc.*, 12-CV-1401, 2013 WL 1232948, at *7 (E.D.N.Y. Mar. 26, 2013). A PACA debtor can prove that funds are not PACA trust assets by establishing that "(1) 'no PACA trust existed' when funds were expended; (2) 'even though a PACA trust existed at that time,' the funds expended were not trust assets; or (3) 'although a PACA trust existed' when funds were expended, the debtor 'thereafter paid all unpaid sellers in full prior to the transactions' involving the suing PACA creditors, 'thereby terminating the trust.'" *Hop Hing Produces Inc.*, 2013 WL 1232948, at *7 (quoting *In re Kornblum & Co.*, 81 F.3d at 287). As a result of their non-appearance in this action and non-response to all three pending motions, Defendants have failed to establish that the funds contained in Pioneer Savings Bank account ending 1581 were not PACA assets subject to turnover, and evidence provided by Plaintiff and Intervening Plaintiffs adequately indicates that they were for the purposes of this unopposed motion. (*See generally* Docket Sheet.)

ACCORDINGLY, it is

ORDERED that Plaintiff's and Intervenor Church Brothers' motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 55) is **<u>DENIED</u> in part with respect to damages but is otherwise <u>GRANTED</u>**; and it is further

ORDERED that Remaining Intervening Plaintiffs' motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 60) is **<u>DENIED</u> in part with respect to damages but is otherwise <u>GRANTED</u>**; and it is further

ORDERED that Defendant Carioto Produce, Inc., establish a common fund from which all PACA trust beneficiaries shall be paid; and it is further

ORDERED that Plaintiff and Intervening Plaintiffs' motion for turnover of PACA assets (Dkt. No. 54) is **<u>GRANTED</u>**; and it is further

ORDERED that the Clerk of the Court is directed to enter a Judgment in Plaintiff and Intervening Plaintiffs' favor against Defendants, jointly and severally, in the total amount of $332,299.91 in principal, pre-judgment interest through January 31, 2021, attorneys' fees, and costs, plus pre-judgment interest to the date judgment is entered at a daily rate consistent with this Decision and Order, and post-judgment interest at a daily rate consistent with this Decision and Order until the Judgment is satisfied; and it is further

ORDERED that the Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a).

Date:   September 10, 2021
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge